Marsha M. Holland
105 S. Southerland Court
P.O. Box 132
Tropic, Utah 84776
Telephone:   (435) 691-8988
Email: marhsa.history@gmail.com
*Pro Se*

FILED
U.S. DISTRICT COURT

2018 NOV -2  A 8: 30

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MARSHA HOLLAND,<br><br>  Plaintiff,<br><br>v.<br><br>SPENCER COX, in his official capacity as Lieutenant Governor of Utah; JOHN DAVID NEILSON, San Juan, KARLA JOHNSON, Kane, CAMILLE MOORE, Garfield, RYAN TORGERSON, Wayne, KALI GLEAVE, Piute, GINGER MCMULLIN, Beaver, STEVEN C. WALL, Sevier, in their official capacity as county clerks in their respective Utah counties,<br><br>  Defendants. | **VERIFIED COMPLAINT**<br><br>Case: 4:18-cv-00074<br>Assigned To : Nuffer, David.<br>Assign. Date : 11/02/2018<br>Description: Holland v. Cox et al |

1. This lawsuit challenges the State of Utah's unconstitutional treatment of unaffiliated candidates on the ballot.

2. The Utah Legislature has disadvantaged certain candidates for office—including Plaintiff—by requiring disclaimer language on electoral ballots exclusively for those who do not affiliate with a political party. This disclaimer language is dissuading voters from considering candidates who do not affiliate with political parties. There is no compelling reason to include this language on the ballot. As such, it violates the 14th Amendment of the U.S. Constitution. A fair opportunity to run for office is a fundamental right.

3. Recently, Plaintiff has learned that many voters in her district are confused by this disclaimer language and that some may not vote for her because of this.

### Jurisdiction and Venue

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331 (federal question), as this action involves the 14th Amendment of the U.S. Constitution (Equal Protection Clause) and 28 U.S.C. Sections 2201 (declaratory relief).

5. Venue is proper in the U.S. District Court for the District of Utah pursuant to 28 U.S.C. Section 1391(b)(2) because the violations alleged herein all occurred within the state of Utah.

### Parties

6. Plaintiff Marsha Holland is currently a candidate in the 2018 election for the Utah State House of Representatives in District 73. Whether Ms. Holland wins or loses this election, she plans to run in the 2020 election for this same seat.

7. Given the intense demands of a campaign, Ms. Holland plans to begin campaigning for 2020 almost immediately after the 2018 election. She is using her current campaign to improve and prepare for her 2020 campaign.

8. Ms. Holland is running as an unaffiliated candidate. She plans to run as an unaffiliated candidate in 2020.

9. Ms. Holland is a citizen of Utah domiciled in Tropic, Garfield County, Utah.

10. Utah State House of Representatives District 73 covers San Juan, Kane, Garfield, Wayne, and Piute counties as well as portions of Beaver and Sevier counties.

11. Defendant Spencer Cox is the Lieutenant Governor of Utah and is the chief election officer of the state.

12. Defendant John David Neilson is the County Clerk of San Juan County, Utah, and is responsible for ballots and voting in that county.

13. Defendant Karla Johnson is the County Clerk of Kane County, Utah, and is responsible for ballots and voting in that county.

14. Defendant Camille Moore is the County Clerk of Garfield County, Utah, and is responsible for ballots and voting in that county.

15. Defendant Kali Gleave is the County Clerk of Piute County, Utah, and is responsible for ballots and voting in that county.

16. Defendant Ryan Torgerson is the County Clerk of Wayne County, Utah, and is responsible for ballots and voting in that county.

17. Defendant Ginger McMullin is the County Clerk of Beaver County, Utah, and is responsible for ballots and voting in that county.

18. Defendant Steven C. Wall is the County Clerk of Sevier County, Utah, and is responsible for ballots and voting in that county.

**Background**

19. The Utah State House of Representatives and Senate have both been dominated by Republicans since the late 1970s.

20. Utah State Code Section 20A-6-301(1)(d) requires that election officers place a mark on the ballot next to the name of unaffiliated candidates, like Ms. Holland, with this "statement at the bottom of the ticket: 'This candidate is not affiliated with, or does not qualify to be listed on the ballot as affiliated with, a political party.'"

21. This language was introduced into Utah law by legislation in 2016. S.B. 25 Substitute (Signed Mar. 18, 2016). The history surrounding its passage indicates that the Utah Legislature

2

intended this to disadvantage an unaffiliated candidate running in 2016 for President of the United States who enjoyed considerable support in Utah.

22. This disclaimer now appears on, at least, the 2018 ballots in San Juan County.

23. Ms. Holland anticipates that this disclaimer will appear on ballots in 2020, as well.

24. Partisan candidates do not have this same disclaimer.

25. Research has shown that ballot wording can influence voter choice. *See, e.g.*, Craig M. Burnett and Vladmir Kogan, "When Does Ballot Language Influence Voter Choices? Evidence from a Survey Experiment," *Political Communication* 32:109-26 (2015); Jeff Hastings and Damon Cann, "Ballot Titles and Voter Decision Making on Ballot Questions," *State and Local Government Review* vol. 46 issue 2 118-27 (2014).

26. Because of the differential treatment between unaffiliated candidates and partisan candidates, Ms. Holland is disadvantaged due to the fact that voters will be confused by the ballot language and will not vote for her in the 2018 and/or the 2020 elections.

27. This fact has been verified by a recent conversation between Ms. Holland a voter in her district who explained that this disclaimer was causing confusion. Ms. Holland has also learned, from other voters in the district, that they are encountering friends and neighbors who are confused by this disclaimer language—often thinking that it means Ms. Holland is not qualified to hold office—on the ballot now. Finally, Ms. Holland has learned of a focus group that was conducted recently in her district with likely voters. During this focus group likely voters expressed confusion over the disclaimer language—again, thinking it implicated her fitness to hold office—and indicated that the language, alone, could be sufficient to prevent them from voting for Ms. Holland.

## Cause of Action

### Declaratory Judgment Regarding Violation of the Equal Protection Clause of the 14th Amendment of the United States Constitution

28. Plaintiff incorporates by reference all preceding paragraphs.

29. The Equal Protection Clause of the 14th Amendment to the U.S. Constitution guarantees citizens the right to participate and affiliate in the political process. This right includes the ability to affiliate, or not, with political parties without being disadvantaged by state legislation or ballot language.

30. Voting for the 2018 election is underway and Ms. Holland is losing votes simply because of this disclaimer ballot language . As such, Ms. Holland is suffering a continuing injury.

31. Ms. Holland has learned from various means that voters now are confused by this disclaimer language, with many people interpreting it as an indication that she is not fit for office. This disclaimer language is now an exclusive reason people are giving to not vote for her.

32. The ballot disclaimer language will also result in Ms. Holland losing votes in the 2020 election.  As such, Ms. Holland faces a real and immediate threat of being injured in the future. Moreover, because voters in the 2018 election are likely to see the ballot disclaimer language printed near her name on the 2018 ballot, it is vital that such language be invalidated promptly to minimize the burden on her ability to campaign fairly in anticipation of the 2020 election without a stigma of the ballot disclaimer language.

33. The State of Utah has no compelling interest, or indeed any cognizable interest in treating unaffiliated candidates different than candidates affiliated with a party.

34. The ballot disclaimer required by Utah Code Section 20A-6-301(1)(d) violates the Equal Protection Clause of the 14th Amendment to the U.S. Constitution.

35. Because the State of Utah's requirement that such ballot language be included violates Holland's legal and constitutional rights, and Ms. Holland is suffering and will suffer an injury in fact as a result, Ms. Holland is entitled to a declaratory judgment invalidating the ballot disclaimer to protect her constitutional rights.

## Prayer for Relief

Plaintiff, Marsha Holland, respectfully requests that this court enter judgment in her favor and against Defendants, Lieutenant Governor Spencer Cox and the identified county clerks, in their official capacity, and that the Court:

1. Issue a judgment declaring Utah Code Section 20-6-301(1)(d) unconstitutional as a violation of the 14th Amendment's Equal Protection Clause.

2. Declare that printing the disclaimer language required by Utah Code Section 20-6-301(1)(d) on official ballots violates the 14th Amendment of the U.S. Constitution.

3. Retain jurisdiction of this action to ensure compliance with the Court's decree. Award Plaintiff the costs she has incurred in pursuing this action, including attorneys' fees, and

4. Such other relief as the Court deems appropriate.


Dated: November 1, 2018

Respectfully submitted,


*Marsha Holland*
_____
Marsha Holland
*Plaintiff, Pro Se*